Matter of Prismatic Dev. Corp. v New York City Tr. Auth. (2021 NY Slip Op 07072)





Matter of Prismatic Dev. Corp. v New York City Tr. Auth.


2021 NY Slip Op 07072


Decided on December 16, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 16, 2021

Before: Kapnick, J.P., Friedman, González, Rodriguez, Pitt, JJ. 


Index No. 152206/20 Appeal No. 14872 Case No. 2021-00995 

[*1]In the Matter of Prismatic Development Corporation, Petitioner-Appellant,
v
The New York City Transit Authority et al., Respondents-Respondents.


Peckar & Abramson, P.C., New York (Patrick J. Greene, Jr. of counsel), for appellant.
David Farber, New York City Transit Authority, Brooklyn (Liliya Abramchayeva of counsel), for respondents.



Judgment (denominated an order), Supreme Court, New York County (Eileen A. Rakower, J.), entered October 20, 2020, denying the petition to annul the determination of respondents New York City Transit Authority (NYCTA) and its Chief Engineer, dated October 29, 2019, which denied petitioner's contractual claim for additional payments claimed due to a differing site condition, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
Petitioner's contention that the Chief Engineer committed errors of law by misinterpreting and misapplying the contract "raises an issue of law beyond the scope of the contractually limited standard of review, namely, a CPLR article 78 proceeding limited to the question of whether or not the Arbiter's determination is arbitrary, capricious, or lacks a rational basis" (Secco Elec. Corp. v Kalikow, 13 AD3d 252, 253 [1st Dept 2004], lv denied 5 NY3d 702 [2005] [internal quotation marks omitted]).
Supreme Court correctly found that the Chief Engineer's determination was not arbitrary, capricious, or irrational (see e.g. Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 230-231 [1974]). The record shows that the Chief Engineer considered the proffered evidence and rationally found that representations made by NYCTA in pre-bid materials provided notice of the expected depths for foundation pilings, and that petitioner failed to heed those materials and misinterpreted preexisting boring logs when assuming its pilings could be much shorter (see Fruin-Colnon Corp. v Niagara Frontier Transp. Auth., 180 AD2d 222, 226 [4th Dept 1992]; see also Renda Marine, Inc. v United States, 66 Fed Cl 639, 652-656 [US Ct Cl 2005], affd 509 F3d 1372 [Fed Cir 2007]). Thus, it was rational for the Chief Engineer to find that petitioner did not show "'its conclusion [was] at least a reasonable reading'" (Travelers Cas. & Sur. Co. of America v United States, 75 Fed Cl 696, 720 [US Ct Cl 2007], quoting P.J. Maffei Bldg. Wrecking Corp. v United States, 732 F2d 913, 917 [Fed Cir 1984]). The Chief Engineer also did not ignore petitioner's bid and pricing list, contract documents that are not reviewable in this proceeding since they were not submitted in the dispute, and, in any event, "are not themselves affirmative indications of the subsurface conditions" (Renda
Marine, 66 Fed Cl at 654; see Matter of Fanelli v New York City Conciliation & Appeals Bd., 90 AD2d 756, 757 [1st Dept 1982], affd 58 NY2d 952 [1983]).
We have considered petitioner's remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 16, 2021